UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARRETT TOWNSEND, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| *Plaintiff*, | § § | No. _____ |
| v. | § § | |
| KWIK EQUIPMENT SALES, LLC, | § § | |
| *Defendant*. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Garrett Townsend (referred to as "Plaintiff" or "Townsend") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages from Defendant KWIK Equipment Sales, LLC (collectively referred to as "Defendant" or "KWIK Equipment"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1.    Townsend's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.    The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Defendant violated the FLSA by employing Townsend and other similarly situated nonexempt employees at a rate below minimum wage. 29 U.S.C. § 206(a)(1)(C).

4.      Defendant also violated the FLSA by employee Townsend and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5.      Defendant further violated the FLSA by failing to maintain accurate time and pay records for Townsend and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6.      Townsend brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages.

## II.  Jurisdiction & Venue

7.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

8.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of

Texas and/or a substantial part of the events or omissions giving rise to Townsend's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

9.     Plaintiff Garrett Townsend is an individual who resides in Harris County, Texas and who was employed by Defendant during the last three years.

10.     Defendant KWIK Equipment Sales, LLC is a Texas limited liability company that may be served with process by serving its registered agent:

> Pratap Lingam
> 3919 Frontier Drive
> Sugarland, TX 77429

Alternatively, if the registered agent of KWIK Equipment Sales, LLC cannot with reasonable diligence be found at the company's registered office, KWIK Equipment Sales, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11.     Whenever it is alleged that Defendant committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12.    KWIK Equipment is trailer manufacturer for chemical, oil and gas, agricultural industries and more; it does business in the territorial jurisdiction of this Court.

13.    Defendant employed Townsend as a mechanic from approximately May 2018 until July 2019.

14.    Defendant paid Townsend on an hourly basis.

15.    Defendant required Townsend to work off-the-clock.

16.    Defendant regularly and improperly deducted time from Plaintiff's timesheet or clocked him out and required him to continue working without being paid.

17.    This time-shaving caused Townsend's regular rate to fall below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

18.    Further, during Townsend's employment with KWIK Equipment, he regularly worked in excess of forty hours per week.

19.    KWIK Equipment knew or reasonably should have known that Townsend worked in excess of forty hours per week.

20.    KWIK Equipment did not pay Townsend overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed."  29 U.S.C. § 207(a)(1).

21.    Instead, KWIK Equipment required to work off-the-clock and/or manipulated his time records to reflect fewer hours than he actually worked.

22.    In other words, KWIK Equipment paid Townsend overtime hour at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

23.    KWIK Equipment knew or reasonably should have known that Townsend was not exempt from either the minimum wage or overtime provisions of the FLSA.

24.    During Townsend's employment with KWIK Equipment, he was engaged in commerce or the production of goods for commerce.

25.    During Townsend's employment with KWIK Equipment, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

26.    During Townsend's employment with KWIK Equipment, the company had an annual gross volume of sales made or business done of at least $500,000.

27.    KWIK Equipment failed to maintain accurate time and pay records for Townsend as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

28.    KWIK Equipment knew or showed a reckless disregard for whether its pay practices violated the FLSA.

29.    KWIK Equipment is liable to Townsend for his unpaid regular and overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

30.    All employees employed by KWIK Equipment are similarly situated to Townsend because they (1) are in a same or similar position; (2) regularly worked in excess of

forty hours per week; (3) are not paid the entirety of their regular hours as required by 29 U.S.C. § 206(a)(1) and/or overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206(a)(1)

31.    Townsend adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

32.    During Townsend's employment with KWIK Equipment, he was a nonexempt employee.

33.    As a nonexempt employee, KWIK Equipment was legally obligated to pay Townsend for the hours he worked at minimum wage. 29 U.S.C. § 206(a)(1).

34.    KWIK Equipment failed to pay Townsend for the hours he worked at the minimum wage.

35.    Specifically, the wages (after the off-the-clock work and/or the manipulation of his time records) was less than the minimum wage in violation of 29 U.S.C. § 206(a)(1).

36.    If KWIK Equipment classified Townsend as exempt from the minimum wage requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the minimum wage requirements of the FLSA.

37.     KWIK Equipment knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA. In other words, KWIK Equipment willfully violated the minimum wage requirements of the FLSA.

**VI. Count Two—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

38.     Townsend adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

39.     During Townsend's employment with KWIK Equipment, he was a nonexempt employee.

40.     As a nonexempt employee, KWIK Equipment was legally obligated to pay Townsend "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

41.     KWIK Equipment did not pay Townsend overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

42.     Instead, KWIK Equipment either did not pay Townsend for all the hours he worked and/or manipulated his time records to reflect fewer hours than he actually worked, resulting in Townsend being paid at less than one and one-half times his regular rate for the hours he worked over forty in a workweek.

43.     If KWIK Equipment classified Townsend as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44.     KWIK Equipment knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, KWIK Equipment willfully violated the overtime requirements of the FLSA.

## VII.  Count Three—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

45.     Townsend adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

46.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47.     In addition to the pay violations of the FLSA described above, KWIK Equipment also failed to keep proper time and pay records as required by the FLSA.

## VIII.  Count Four—Collective Action Allegations

48.     Townsend adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

49.     On information and belief, other employees have been victimized by KWIK Equipment's violations of the FLSA identified above.

50.     These employees are similarly situated to Townsend because, during the relevant time period, were in a same or similar position, were compensated in the same manner, were subject to the same pay practice or policy, and were denied all their regular wages and overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51.    KWIK Equipment's policy or practice of failing to pay the entirety of their employees' overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances or position of the putative class members.

52.    Since, on information and belief, Townsend's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53.    All employees of KWIK Equipment, regardless of their rates of pay, who were not paid at the minimum wages for all hours worked and/or at a rate not less than one and one-half times the regular rates at which they were employed for the hours worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The class is therefore properly defined as:

> All hourly employees who worked for Defendant within the last three years.

54.    KWIK Equipment is liable to Townsend and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

55.    Because KWIK Equipment knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Townsend and the members of the putative class their unpaid overtime wages for at least the last three years.

56.    KWIK Equipment is liable to Townsend and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

57.    KWIK Equipment is liable to Townsend and the members of the putative classes for their reasonable attorneys' fees and costs.

58.    Townsend has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## IX. Prayer

59.    Townsend prays for the following relief:

a.    an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b.    judgment awarding Townsend and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.    prejudgment interest at the applicable rate;

d.    incentive awards for any class representative(s); and

e.    all such other and further relief to which Townsend and the putative class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _Melissa Moore_

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739